(92 South. 444)

### NABERS v. LONG. (6 Div. 586.)

(Supreme Court of Alabama. April 6, 1922.)

Trial ⊚═237(6)—Instruction requiring jury to be satisfied, instead of reasonably satisfied, held error.

     Instructions which require the jury to be satisfied, instead of reasonably satisfied, exact too high a degree of proof, and their giving is prejudicial error which requires a reversal of the judgment if adverse.

Appeal from Circuit Court, Winston County; J. J. Curtis, Judge.

Action by F. F. Nabers against James Long for damages for breach ·of a written contract for the sale of half interest in a mercantile business. Judgment for the defendant, and the plaintiff appeals. Reversed and remanded.

Travis Williams, of Russelville, for appellant.

The court erred in the two charges given. 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922; 134 Ala. 238, 32 South. 684; 132 Ala. 528, 31 South. 590; 155 Ala. 166, 45 South.

902; 156 Ala. 530, 47 South. 55. The plaintiff was entitled to the affirmative charge.

R. L. Blanton, of Haleyville, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. The action is for damages for breach of a written contract by which defendant agreed to sell to plaintiff his interest in the Long Mercantile Company.

On the issue of tender of performance vel non by the plaintiff, the trial judge instructed the jury at defendant's request that the burden was on plaintiff to satisfy them by a preponderance of the evidence, and "if he has failed to so satisfy you as to any material allegation of the complaint, then you should find for the defendant, Long."

Instructions which require that the jury be satisfied, instead of reasonably satisfied, exact too high a degree of proof, and their giving is prejudicial error which requires a reversal of the judgment, if adverse. Miller v. Whittington, 202 Ala. 406, 411, 80 South. 499, citing Torrey v. Burney, 113 Ala. 496, 21 South. 348, and other cases.

We need not now determine whether the trial court was in error in refusing to give for plaintiff the general affirmative charge, as requested.

For the error noted above, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.